UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO ANGELES HERNANDEZ,

        Petitioner,

v.                                      Case No.  2:26-cv-90-JES-DNF

GLADES    COUNTY    SHERIFF,
GLADES    COUNTY    SHERIFF'S
OFFICE,    WARDEN    GLADES
DETENTION           FACILITY,
DEPARTMENT   OF    HOMELAND
SECURITY (DHS), SECRETARY OF
HOMELAND SECURITY, ATTORNEY
GENERAL OF THE UNITED STATES
OF   AMERICA,   MIAMI   FIELD
OFFICE DIRECTOR, ENFORCEMENT
AND   REMOVAL   OPERATIONS,
ACTING     DIRECTOR      OF
IMMIGRATION    AND   CUSTOMS
ENFORCEMENT,      IMMIGRATION
CUSTOMS   ENFORCEMENT,   and
DEPARTMENT OF JUSTICE,

        Defendants.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Ricardo Angeles Hernandez's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 6).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.    Background

Angeles Hernandez is a citizen of Mexico who entered the United States in 2005, when he was fifteen years old.  (Doc. 1 at 15).  He was not apprehended upon arrival, and he has not left the

United States since then.    (Id.)    Angeles Hernandez has two children who are United States citizens.    (Id. at 16).    On November 12, 2025, Angeles Hernandez pleaded *nolo contendere* to driving without a license in Pinelles County.    (Id. at 15).    He was not released after his 8-day sentence because Immigration and Customs Enforcement (ICE) placed a hold on him.    (Id.).    He has been held at Glades County Detention Center since December 8, 2025.    (Id. at 16).    Angeles Hernandez's only criminal history involves traffic infractions.    (Id.)

Angeles Hernandez is being detained under the mandatory detention provisions of 8 U.S.C. § 1225.    (Doc. 6 at 2).    He now argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).    (Doc. 1 at 17–19).

## II.  Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Angeles Hernandez.    The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal.    It allows immigration officers to remove noncitizens "without further hearing or review."    8 U.S.C. § 1225(b)(1)(A)(i). Because expedited removal affords substantially fewer protections

2

to the noncitizen's rights, the INA limits its applicability in two ways.  First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission."  Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)).  And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal:  (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.' "  Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]"  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  But § 1226 provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  Noncitizens already in the country

3

are treated differently than those seeking entry.  As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"  Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").  And until recently, DHS has treated aliens—such as Angeles Hernandez—already present in the country as detained under § 1226 and entitled to bond hearings.[1]

---

[1] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado. 29 I.& N. Dec. 216, 229 (B.I.A. 2025).  But the Court does not owe deference to the BIA's statutory interpretations. In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400–01 (2024).  And "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." Id. at 403.

Respondents argue that Angeles Hernandez is properly detained under section 1225(b).[2]   However, they make no cogent argument that he is subject to expedited removal.   Angeles Hernandez arrived in this country as a teenager and has resided here for more than twenty years.   As a result, he is not eligible for "expedited" removal, and Respondents' authority to detain him stems from section 1226(a).   As a noncitizen detained under section 1226(a), Angeles Hernandez has a right to a bond hearing.

The Court will thus order Respondents to either bring Angeles Hernandez before an immigration judge for a bond hearing or release him within ten days.   The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings.   In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing.   Regardless, subjecting Angeles Hernandez to mandatory detention under § 1225(b)(1) is unlawful.   If Respondents are unable to ensure that Angeles Hernandez timely receives the bond hearing to which he is

---

[2] Respondents also argue that the Court lacks jurisdiction to consider this petition and that Petitioner has not properly exhausted his administrative remedies. (Doc. 6 at 4).   The Court has rejected identical arguments in recent cases presenting the same issues.   See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile. The Court's reasoning on these issues also applies here.

entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1.   Ricardo Angeles Hernandes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **TEN (10) DAYS** Respondents shall either provide Angeles Hernandez with the statutory process required under § 1226, which includes a bond hearing or release him under reasonable conditions of supervision.

3.   If Respondents release Angeles Hernandez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 2, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

6